# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JIMMIE L.R. GREEN,

    Plaintiff,

v.                                                Case No. 3:23-cv-224-MMH-LLL

UNITED STATES OF AMERICA,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. For the reasons that follow, Plaintiff Jimmie L.R. Green has failed to properly effect service of process as required by the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Accordingly, Green's Complaint for a Civil Case (Doc. 1; Complaint) is due to be dismissed without prejudice.

Green initiated this action against the United States by filing his Complaint on February 28, 2023. See generally Complaint. Because Green is proceeding pro se, Magistrate Judge Lambert entered a notice advising him of certain procedural rules with which he must comply. See generally Notice to Plaintiff (Doc. 3; Notice), entered March 6, 2023. Significantly, Judge Lambert explained in the Notice that a pro se litigant "is subject to the same law and

rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure . . . and the Local Rules." See id. at 1. She also explained that Green was required to "effect proper service of process by May 29, 2023," and that in doing so he must comply with Rule 4 and the Local Rules. See id. at 2. In addition, Judge Lambert noted that "[s]pecial service-of-process rules apply for service of process on the United States and its agencies, corporations, officers and employees," and warned Green that if he did not "timely comply" with these service-of-process rules, "his case might be dismissed." Id. Green then filed a motion in which he acknowledged the May 29 deadline, but requested an extension of time because he had been "unable to serve the Defendant." See Motion to Extend Deadline (Doc. 4; Motion), filed May 26, 2023. Judge Lambert granted the Motion, extending Green's "deadline to effect proper service" to July 29, 2023. See Order Granting Motion to Extend Deadline (Doc. 5; Order Extending Deadline), entered May 30, 2023.

Despite this extension of time, Green failed to timely file proof of service as required by the Local Rules.[1] Accordingly, the Court entered an order noting Green's apparent failure to effect proper service and requiring him to show cause by September 15, 2023, why this case "should not be dismissed without prejudice for failure to prosecute." See Order to Show Cause (Doc. 7),

---

[1] Pursuant to Local Rule 1.10, "a party must file proof of service" within "twenty-one days after service of a summons and complaint."

entered August 29, 2023. In response, Green filed a document in which he represented that "proper service upon Defendant was effected . . . on July 26, 2023." See Proof of Service at 1 (Doc. 8), filed September 11, 2023.[2] In support of this assertion, he attached a USPS tracking report which reflects that an "item was delivered to [a] front desk, reception area, or mail room at 4:53 am on July 26, 2023 in WASHINGTON, DC 20420." Id. at 3. He did not file any additional response to the Court's Order to Show Cause.

To properly serve the United States, among other things, a party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought," a designated assistant United States attorney or clerical employee, or "the civil-process clerk at the United States attorney's office," and (2) send a copy of the complaint and summons "to the Attorney General of the United States at Washington, D.C." See Rule 4(i)(1). Here, Green's filing does not identify the "item" Green mailed to Washington D.C. or clarify that Green mailed it to the Attorney General of the United States. See Proof of Service at 1, 3. In fact, Green does not even provide the mailing address of the recipient, only the city and ZIP code of the "Front Desk/Reception/Mail Room" to which Green's "item" was delivered. See

---

[2] Despite this document being docketed as proof of service, the Court notes for clarity that it does not constitute adequate proof of service under the Rules because it does not include an affidavit. See Rule 4(*l*) ("Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").

id. at 2–3.  Accordingly, the Court cannot determine whether Green has properly served the Attorney General.  But even assuming that Green properly mailed the Complaint and summons to the Attorney General, Green has not shown that he has also served "the United States attorney for" the Middle District of Florida, any designated assistant United States attorney or clerical employee, or "the civil-process clerk at the United States attorney's office."  See Rule 4(i)(1).  Accordingly, Green has failed to show that he properly effected service on the United States.

Because Green has failed to properly serve the United States and has not shown good cause for his failure to do so, his Complaint is due to be dismissed. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Rule 4(m).  The Court advised Green of his obligation to effect service of process, directed him to the rules governing service of process, and warned him that failure to comply with these rules may result in dismissal.  See Notice at 1–2; Order to Show Cause at 1–2.  Despite receiving an extension of time to properly effect service of process under the rules, Green has failed to do so.  The Court thus finds that this action is due to be dismissed without prejudice pursuant to Rule 4(m).

Accordingly, it is

**ORDERED:**

1. This action is **DISMISSED without prejudice.**

2. The Clerk of the Court is directed to enter judgment and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of October, 2023.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

lc31

Copies to:

Counsel of Record
Pro Se Parties